## McGinnis *v.* Erie County.

(*Circuit Court, W. D. Pennsylvania.* December 29, 1890.)

STATUTE OF LIMITATIONS—-PLEADING—INFRINGEMENT OF PATENT.

A state statute of limitations is not pleadable in bar of an action at law for infringement of a patent.

In Equity. *Sur* demurrer to declaration.
*George H. Christy,* for demurrer.
*K. R. Smoot* and *J. M. Shields, contra.*
Before McKennan and Achfson, JJ.

Per Curiam. The question raised by the demurrer is whether, by virtue of section 721 of the Revised Statutes, which makes the laws of the several states rules of decision in trials at common law in the courts of the United States "in cases where they apply," the state statute of limitations limits the time in which actions for infringement of letters patent may be brought in the courts of the United States. The decisions of the circuit courts are conflicting, and the question has not been passed on by the supreme court. But in the case of *Parker* v. *Hallock,* 2 Fish. Pat. Cas. 543, (foot-note,) Judge Grier ruled against the applicability of the state statute, and that ruling was regarded as authoritative in this circuit, and, in effect, was followed in *Wetherill* v. *Zink Co.,* 1 Ban. & A. 485. In the absence, then, of any decision of the supreme court on the question, we are disposed to adhere to the rule as laid down by Judge Grier; and the more so in view of similar rulings in other circuits in suits brought upon the patent which is the foundation of the present action. *May* v. *Buchanan Co.,* 29 Fed. Rep. 469; *May* v. *Cass Co.,* 30 Fed. Rep. 762; *May* v. *Ralls Co.,* 31 Fed. Rep. 473.

The demurrer must be overruled, with leave to the defendant to plead to the merits within 30 days. And it is so ordered.